DICKINSON, Presiding Justice,
dissenting:
¶ 23. If the law as it presently exists is to be applied to this case, I agree with Justice Kitchens that a flight instruction was not proper. I write separately to express my view that this Court should abolish flight instructions altogether.[11]
¶ 24. Juries are instructed that they may draw reasonable inferences from the evidence,[12] and attorneys — including prosecutors — may argue.the inferences they believe the jurors should draw.[13] But, by giving a flight instruction, a trial judge places the imprimatur of the court on a particular inference and effectively instructs the jury that “flight” is the functional equivalent of guilt. With respect to the jury’s duty to draw inferences, the trial judge should be neutral. Instead, by giving flight instructions, trial judges appear to favor the inference favorable to the State. I believe this practice is inappropriate, and should cease.
KITCHENS AND KING, JJ., JOIN THIS OPINION.

. Drummer v. State, 167 So.3d 1180, 1196—99 (Miss.2015) (Kitchens, J., concurring in Part I and dissenting from Part II).

. Flowers v. State, 158 So.3d 1009, 1081-82 (Miss.2014).

. Pitchford v. State, 45 So.3d 216, 234-35 (Miss.2010); Goff v. State, 14 So.3d 625, 654 (Miss.2009) (quoting Bell v. State, 725 So.2d 836, 851 (Miss.1998)).